IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| NANA BOATENG,<br>    Petitioner | * | |
| | * | |
| v. | | Civil Action No. RDB-15-3588 |
| | * | Criminal No. RDB-11-0423 |
| UNITED STATES OF AMERICA,<br>    Respondent. | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## MEMORANDUM ORDER

On April 9, 2012, Petitioner Nana Boateng ("Petitioner" or "Boateng") plead guilty before this Court to one count of Conspiracy to Distribute, and Possess with Intent to Distribute Heroin, in violation of 21 U.S.C. § 846(a)(1).[1]  *See* 4/9/2012 Criminal Minutes, ECF No. 135; J., p. 1, ECF No. 176.  This Court sentenced Boateng to a term of 84 months imprisonment.  J., p. 2, ECF No. 176.  Boateng did not appeal his sentence to the United States Court of Appeals for the Fourth Circuit.  However, he did file a Motion to Vacate, pursuant to 28 U.S.C. § 2255, (ECF No. 227), more than one year after his sentencing, arguing that he was entitled to a sentence reduction because of subsequent modifications to the United States Sentencing Guidelines that had been made retroactive.  While the Government opposed the extent of relief that Boateng sought, the Government agreed that he was entitled to a reduced sentence.  *See* Gov't Response, ECF No. 247.  Accordingly, via

---

[1] As discussed *infra*, Boateng entered into a Plea Agreement with the Government, in which he agreed that his base offense level at sentencing would be 28, that he faced a term of imprisonment of not less than five years, and that his adjusted offense level would be raised by two levels because he possessed a firearm in the commission of the charged conspiracy.  *See* Plea Agmt. at ¶¶ 6-7, ECF No. 136.

Order dated March 16, 2015 (ECF No. 248), this Court reduced Boateng's sentence from 84 months to 69 months imprisonment.

Currently pending before this Court is Boateng's Second Motion to Vacate, pursuant to 28 U.S.C § 2255, (ECF No. 259).  The parties' submissions have been reviewed, and no hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2014).  For the reasons stated herein, Boateng's Second Motion to Vacate, pursuant to 28 U.S.C § 2255, (ECF No. 259) is DISMISSED as untimely.

## ANALYSIS

I.     Petitioner's Second Motion to Vacate (ECF No. 259) is Untimely

The Government contends that Petitioner's Second Motion to Vacate (ECF No. 259) is untimely.  *See* Gov't Response, p. 2-4, ECF No. 266.  A Motion to Vacate, pursuant to 28 U.S.C. § 2255, must be filed within one year of the latest of:

> (1) the date on which a Petitioner's judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Here, Petitioner's Judgment became final on July 9, 2012, the date of his sentencing. *See United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001) ("Since [defendant] did not file a direct appeal, his conviction became final for purposes of § 2255 subsection (1) on [the date the court entered his judgment of conviction].").  Accordingly, Petitioner's initial Motion to

Vacate (ECF No. 227), filed on September 26, 2013, was untimely by more than two months.  The pending Second Motion to Vacate (ECF No. 259), filed on November 25, 2015, is also untimely as it was filed more than three years after Petitioner's sentencing.

Petitioner "relies on the 'Actual Innocence Exception' to toll the one year filing limitation."  Second Mot. to Vacate, p. 4, ECF No. 259.  He contends that "[t]he facts on the record prove that [he] is indeed actually innoce[nt] of the sentencing enhancement and his term of incarceration was greatly increased due to said error." Mem. Supp. Second Mot. to Vacate, p. 11, ECF No. 259-1.

The Supreme Court has made clear that "actual innocence means factual innocence, not mere legal insufficiency" with respect to the miscarriage of justice exception.  *Bousley v. United States*, 523 U.S. 614, 623-24 (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)).  "[T]enable actual-innocence gateway claims are rare." *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013).  A credible claim requires reliable evidence "whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence" that was not presented at trial.  *Schlup v. Delo*, 513 U.S. 298, 323 (1995).  "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim."  *Id.*, 513 U.S. at 315-17.  "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."  *Id.*, 513 U.S. at 329.

To sustain a claim of actual innocence, Petitioner must show that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley*, 523 U.S. at 623 (quoting *Schlup*, 513 U.S. at 327-28). In response, the Government "may present any admissible evidence of [P]etitioner's guilt." *Bousley*, 523 U.S. at 615. As Petitioner fails to present any evidence as to his claim of actual innocence beyond his bare assertions, he has failed to carry his burden.

Via Order dated April 13, 2016 (ECF No. 267), this Court informed Petitioner that his Second Motion to Vacate was untimely and granted him "28 days from the date of [that] Order to provide this Court with further information regarding his entitlement to equitable tolling of the one-year statute of limitation and OTHERWISE reply to the allegations raised in the [Government's] Response." Order, p. 2, ECF No. 267. Petitioner was further advised that "failure to provide information entitling him to equitable tolling may result in dismissal of his Motion to Vacate without further notice." *Id.* at 3. As of the date of this Memorandum Order, Petitioner has filed no Reply to the Government's Response. Accordingly, Petitioner's Second Motion to Vacate, pursuant to 28 U.S.C § 2255, (ECF No. 259) is DISMISSED as untimely.

II.    Petitioner's Second Motion to Vacate (ECF No. 259) is Without Merit

Even if Petitioner's Second Motion to Vacate were timely, or if Petitioner had demonstrated that he was entitled to equitable tolling, his Motion would be denied. At the time of his guilty plea, Petitioner entered into a plea agreement with the Government. Plea Agmt., ECF No. 136. In his plea agreement, Petitioner agreed to a sentencing guidelines stipulation in which he assented to a base offense level of 28 based on the quantity of drugs

involved in the charged conspiracy. *Id.* at ¶ 6. Additionally, Petitioner agreed that his "adjusted offense level" shall be raised two levels because he possessed a firearm in the commission of this offense, under Section U.S.S.G. § 2D1.1(b)(1)." *Id.* at ¶ 7. Nevertheless, Petitioner now challenges his two-level enhancement for possession of a firearm. *See* Second Mot. to Vacate, ECF No. 259. He raises an ineffective assistance of counsel claim, objecting to his defense counsel's alleged failure to "adequately argue the erroneous application of [the] firearm enhancement." *Id.* at 5. For the following reasons, his argument lacks merit.

Section 2255 relief is available for a nonconstitutional error only if the error involves "a fundamental defect which inherently results in a complete miscarriage of justice or is inconsistent with the rudimentary demands of fair procedure." *United States v. Mikalajunas*, 186 F.3d 490, 495 (4th Cir. 1999). Most federal circuit courts of appeals, including the United States Court of Appeals for the Fourth Circuit, have held that the misapplication of the Sentencing Guidelines typically does not lead to a miscarriage of justice. *Id.* at 496. Accordingly, barring extraordinary circumstances, "an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding." *United States v. Pregent*, 190 F. 3d 279, 283–84 (4th Cir. 1999). Even if this Court did find error on the part of Petitioner's defense counsel, despite Petitioner's express agreement to the firearm enhancement at issue, his claim would not "amount to a miscarriage of justice." *Id.* at 496.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the Court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the Court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir.

2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies a petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong.  *See Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because reasonable jurists would not find Petitioner's claims for relief debatable, a certificate of appealability is DENIED.

**CONCLUSION**

For the reasons stated above, it is this 13th day of June, 2016, ORDERED that:

1. Petitioner's Second Motion to Vacate, pursuant to 28 U.S.C § 2255, (ECF No. 259) is DISMISSED as untimely;

2. Copies of this Order and the accompanying Memorandum Opinion shall be sent to the Petitioner and Counsel of record;

3. A certificate of appealability shall not issue and is DENIED; and

4. The Clerk of this Court shall CLOSE this case.

____/s/_____

Richard D. Bennett
United States District Judge